UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED
2001 SEP 21 A 10: 38
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY _____ DEP. CLERK

**In Re ESTATE OF**
**SONYA DENISE PHILLIPS, et al.**

**Plaintiff,**

vs.

No.: 3:00-CV-692
COLLIER

**ROANE COUNTY, et. al.,**

**Defendants.**

## ANSWER

The Defendant, Thomas Boduch, M.D., now appears, by and through counsel, and responds to the Plaintiff's Amended Complaint filed against him as follows:

1. This Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. §1331 and 1343(3) and (4). It is denied that this Court is the proper Court to exercise supplemental jurisdiction.

2. Upon information and belief, it is admitted that Sonya Phillips died on December 8, 2000. The remaining allegations are denied as written and strict proof is required thereof.

3. The allegations contained in Paragraph Three (3) of the Plaintiff's Complaint are denied as written and strict proof is required thereof.

3(a). The allegations contained in Paragraph Three (3)(a) of the Plaintiff's Complaint are denied as written and strict proof is required thereof.

4. The allegations contained in Paragraph Four (4) of the Plaintiff's Complaint are denied as written and strict proof is required thereof.

5. The allegations contained in Paragraph Five (5) of the Plaintiff's Complaint are outside the course, scope and knowledge of this Defendant. Accordingly, the allegations are denied and strict proof is required thereof.

6. The allegations contained in Paragraph Six (6) of the Plaintiff's Complaint, as they relate to this Defendant, are denied.

7. It is denied by this Defendant that any actions or inactions on his part warrant punitive damages.

8. The allegations contained in Paragraph Eight (8) of the Plaintiff's Complaint as they relate to this Defendant are denied as written and strict proof is required thereof.

9. The allegations contained in Paragraph Nine (9) of the Plaintiff's Complaint are denied as written and strict proof is required thereof.

10. The allegations contained in Paragraph Ten (10) of the Plaintiff's Complaint as they relate to this Defendant are denied and strict proof is required thereof.

11. The allegations contained in Paragraph Eleven (11) of the Plaintiff's Complaint as they relate to this Defendant are denied and strict proof is required thereof.

12. The allegations contained in Paragraph Twelve (12) of the Plaintiff's Complaint as it relates to this Defendant are denied and strict proof is required thereof.

13. The allegations contained in Paragraph Thirteen (13) of the Plaintiff's Complaint do not relate to this Defendant. Therefore, no Answer is warranted and none is given.

14. It is affirmatively maintained by this Defendant that the Plaintiff is not entitled to any relief prayed for and each claim should be dismissed in its respective entirety.

15. This Defendant affirmatively maintains that the Plaintiff should be denied any and all declaratory relief prayed for in the Complaint.

16. The allegations contained in Paragraph Sixteen (16) of the Plaintiff's Complaint are denied and strict proof is required thereof.

17. The allegations contained in Paragraph Seventeen (17) of the Plaintiff's Complaint are denied and strict proof is required thereof.

18. The allegations contained in Paragraph Eighteen (18) of the Plaintiff's Complaint are denied and strict proof is required thereof. Further, this Defendant affirmatively maintains that the Plaintiff should be denied all relief prayed for in the Complaint.

19. The allegations contained in Paragraph Nineteen (19) of the Plaintiff's Complaint are denied and strict proof is required thereof.

20. The allegations contained in Paragraph Twenty (20) of the Plaintiff's Complaint are denied and strict proof is required thereof.

21. The allegations contained in Paragraph Twenty-one (21) of the Plaintiff's Complaint do not relate to this Defendant. Therefore, no Answer is warranted and none is given.

22. The allegations contained in Paragraph Twenty-two (22) of the Plaintiff's Complaint are denied and strict proof is required thereof.

23. The allegations contained in Paragraph Twenty-three (23) of the Plaintiff's Complaint do not relate to this Defendant. Therefore, no answer is warranted and none is given.

24. This Defendant denies that this Court is the proper Court to exercise jurisdiction.

25. The allegations contained in Paragraph Twenty-five (25) of the Plaintiff's Complaint are denied and strict proof is required thereof.

26. The allegations contained in Paragraph Twenty-six (26) of the Plaintiff's Complaint are denied and strict proof is required thereof.

27. It is hereby maintained by this Defendant that the Plaintiff is not entitled to any of the relief prayed for in her Complaint.

28. The Complaint fails to state a claim upon which relief can be granted.

29. It is specifically averred by this Defendant that he did not violate any applicable standard of care in his treatment of Sonya Phillips. Further, he specifically avers that no action on his part caused or resulted in the death of the deceased.

30. This Defendant relies upon provisions of the Tennessee Medical Malpractice Act being Tenn. Code Ann. §29-26-115, et. seq. to which specific reference is made and which provisions are incorporated herein by reference.

31. This Defendant avers in the doctrine of modified comparative fault applies in this matter.

32. Alternatively, for the purposes of stating all possible defenses and without admission of fault or liability to the Plaintiff under any theory whatsoever, Dr. Thomas Boduch asserts and relies upon the doctrine of comparative fault. Therefore, to the extent established by the proof, and consistent with comparative fault principles, the conduct of others who are named in this Complaint, up to and including the deceased, must be taken into account by the jury and a proportionate degree of fault, if any, of such person or persons be applied to each. The negligence on the part of the others, including the deceased, falls under the doctrine of comparative fault, and any award to which the Plaintiff may be entitled is to be accordingly barred and/or proportionately reduced. It is specifically maintained that any negligence should be attributable to any other Defendant and the Plaintiff. Additionally, this Defendant maintains and reserves the right to maintain additional defenses of independent, intervening negligence and/or acts of others should such become known in the discovery course of this case.

33. This Defendant affirmatively maintains that his care and treatment of Sonya Phillips was appropriate and within the recognized standard of acceptable medical practice or care by a physician practicing within his field of specialization. Dr. Boduch affirmatively avers that no acts or omission on his part deviated from the recognized standard of acceptable professional practice or care and further that no act or omission on his part was the proximate cause of the injuries suffered by the decedent, Sonya Phillips.

34. This Defendant avers that he was not guilty of any negligence in his treatment of Sonya Phillips.

35. This Defendant affirmatively avers that he is immune from suit pursuant to Tenn. Code Ann. §29-20-101 et. seq.

36. It is affirmatively denied by Thomas Boduch, M.D. that any acts on his part of an individual nature, or even an official nature, was of such a nature as to violate the Plaintiff's constitutional rights.

37. It is hereby specifically maintained that this Defendant acted appropriately in his relationship with Ms. Phillips, and that he did no act which would cause a violation of her constitutional rights.

38. Anything not previously admitted, denied or otherwise explained is hereby denied as if fully and completely set out herein.

39. This Defendant reserves the right to plead more specifically upon the ascertainment of additional information through the discovery process. It is hereby denied that the Plaintiffs are entitled to recover any damages in any amount from this Defendant including those of compensatory or punitive nature.

40. A jury is hereby requested to try this cause.

41. It is hereby requested that the Complaint be dismissed and costs taxed accordingly.

42. It is reserved that alternate pleadings may be made pursuant to the doctrine of comparative fault.

43. It is hereby requested that this Complaint filed in this action be dismissed and that fees and costs be awarded to 42 USC 1988.

Respectfully submitted this 18 day of September, 2001.

DR. THOMAS BODUCH, M.D.

BY: _____
JON G. ROACH, BPR NO. 566
BENJAMIN K. LAUDERBACK, BRP NO. 20855

WATSON, HOLLOW & REEVES, P.L.C.
1700 First Tennessee Plaza
800 South Gay Street
Post Office Box 131
Knoxville, Tennessee 37901-0131
(865) 637-1700

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served upon parties, or counsel for parties', in interest herein by delivering the same to the offices of said counsel or parties' counsel, or by mailing the same to said offices by United States Mail, with sufficient postage thereon to carry the same to its destination:

David C. Lee
Dan C. Stanley
Lee, Lee & Lee
602 S. Gay Street
Suite 905
Knoxville, Tennessee 37902

Tom McFarland
McFarland & McFarland
924 N. Kentucky Street
P.O. Box 12
Kingston, Tennessee 37763

James H. London
LONDON & AMBURN, P.C.
Attorneys and Counselors at Law
1716 Clinch Avenue
Knoxville, TN 37916

Gary M. Prince
O'Neil, Parker & Williamson
416 Cumberland Avenue, SW
Post Office Box 217
Knoxville, Tennessee 37901-0217

Dated this September 21, 2001.

_____
JON G. ROACH, BPR NO.: 566
BENJAMIN K. LAUDERBACK, BPR NO.: 20855